UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS RUSSELL,

    Plaintiff,

v.              Civil Case No. 14-14230
               Honorable Linda V. Parker

CSK AUTO, INC., n/k/a
O'REILLY AUTO
ENTERPRISES, LLC.,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE [ECF NO. 51]

Plaintiff Thomas Russell ("Plaintiff") filed this lawsuit alleging that

Defendant CSK Auto, Inc., n/k/a O'Reilly Auto Enterprises, LLC ("Defendant")

retaliated and constructively discharged him in violation of the Federal Medical

Leave Act. (ECF No. 1.) The matter is currently scheduled for trial on June 5,

2017. Both Plaintiff and Defendant have filed motions in limine in anticipation of

trial, which presently remain pending before the Court. A pretrial conference was

held on April 26, 2017 where the parties briefly argued the merits of this motion.

The Court will now resolve Defendant's motion in limine.

## I. Factual and Procedural Background

Plaintiff was employed by Defendant from June 14, 1988 to September 9,

2013. (ECF No. 1 at ¶ 3.) Plaintiff injured his ankle in 2010 and subsequently

1

took FMLA leave from September 28, 2010 until December 21, 2010. (*Id.* at ¶ 6.)

Plaintiff suffered another injury in December 2012 and again went on FMLA

leave, starting December 12, 2012. (ECF No. 1 at ¶¶ 9, 10.)

Plaintiff's compensation while employed with Defendant was based on

"assurance pay." Assurance pay "guaranteed a certain level of income by

providing a minimum level of income if store-based commissions were not higher

than the assured amount." (ECF No. 34 at Pg ID 152.) The goal of assurance pay

was for the store manager to increase sales in their particular store so that the

profits of the store could pay the store manager's salary. (ECF No. 35 at Pg ID

336.) Store managers were evaluated after the first year the assurance pay

structure was introduced to determine whether the managers should remain on the

Assurance Pay Plan. (*Id.*) In 2010, Plaintiff's district manager was Walt Hepner

and his regional manager was Dan Gdowski. (Russell Dep., Apr. 23, 2015 at

32:14-23.) Dan Gdowski remained as Plaintiff's regional manager in 2012;

however, the new district manager was Jeff Young. (*Id.* at 54:16-22.)

According to Plaintiff, he was taken off the Assurance Pay Plan twice: in

2010 and 2012.[1] After being removed from the Assurance Pay Plan in 2010,

Plaintiff was placed back on the plan after sending a letter to the regional manager

complaining of the reduction in pay. (ECF No. 34 at Pg ID 453.) When Plaintiff

---

[1] Defendant's motion in limine states the removal from the Assurance Pay Plan
was effective March 2013. (ECF No. 51 at Pg ID 731.)

returned to work, he was transferred to a new location in Lapeer and was told "as long as [your] sales continue[] to grow, [you will] not be removed from [your] assurance pay." (ECF No. 34 at Pg ID 153; ECF No. 1 at ¶ 8.) Plaintiff states he was next removed from the Assurance Pay Plan during his FMLA leave in December 2012. (ECF No. 34 at Pg ID 153.)

Upon his removal from the assurance plan for the second time, Plaintiff's manager Mr. Gdowski advised Plaintiff that his salary could increase if store profits would increase. (ECF No. 35 at Pg ID 338.) Plaintiff threatened to quit if his income did not increase, and the regional manager "told [Plaintiff] to wait to see if he could do anything." (ECF No. 34 at Pg ID 154.) After no changes in salary occurred for seven months, Plaintiff quit. (*Id.*) Plaintiff resigned from his employer in September 2013 with the job title of Store Manager. (ECF No. 1 at ¶ 3.)

Defendant's motion in limine was filed on February 7, 2017. (ECF No. 51.) Defendant's motion in limine focuses on two issues. First, Defendant argues that financial documents related to stores other than the store Plaintiff worked in are irrelevant and therefore should be excluded. (ECF No. 51 at Pg ID 728.) Therefore, Defendant asserts, only the financial documents for the Lapeer store should be admissible. Second, Defendant argues that any testimony regarding alleged harassment by Mr. Hepner in 2010 must be excluded. Plaintiff's

3

opposition brief was filed on February 21, 2017. (ECF No. 54.)    Defendant did

not file a reply brief.

## II.    Applicable Law

District courts have broad discretion over matters involving the admissibility

of evidence at trial. *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).

Under the Federal Rules of Evidence, "[e]vidence is relevant . . . if it has any

tendency to make a fact more or less probable than it would be without the

evidence; and . . . the fact is of consequence in determining the action." Fed. R.

Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Further,

relevant evidence may be excluded "if its probative value is substantially

outweighed by a danger of unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Fed. R. Evid. 403.

## III.    Analysis

### A.    Financial Records of Other Stores in District

According to Defendant, Plaintiff intends to offer testimony and exhibits

referencing the financial records of the stores within Plaintiff's district. Defendant

contends that information about other stores is neither relevant nor necessary in

determining whether Plaintiff should have been removed from the Assurance Pay

Plan. In support of their argument, Defendant relies on Mr. Gdowski's deposition

testimony.  During his deposition, Mr. Gdowski listed a number of factors that he examined when determining whether Plaintiff should be removed from the Assurance Pay Plan, such as sales calls, performance, store profitability, headcount of the store, and team member development.  (*See* ECF No. 51 at Pg ID 734.)  Mr. Gdowski did not state that he compared any of these factors across stores.

In his opposition brief, Plaintiff argues that the financial records of other stores will help demonstrate whether the removal of Plaintiff from the Assurance Pay Plan is consistent with other managers at other stores within the region.  (ECF No. 54 at Pg ID 975.)

This Court agrees with Plaintiff.  The Court notes that Mr. Gdowski was responsible for determining whether an individual remained on the Assurance Pay Plan for the stores in Plaintiff's region.  (ECF No. 51 at Pg ID 730.)  It is difficult to imagine that Mr. Gdowski determined Plaintiff's Assurance Pay Plan in a vacuum and did not compare the Lapeer store's performance with stores in the region.  While Mr. Gdowski did not testify whether he compared the Lapeer store with other stores when evaluating whether Plaintiff should remain on the plan, Mr. Gdowski also did not deny that.  Because there is the tendency that financial data from the other stores would make Plaintiff's claim of pretext more or less probable, this Court is denying Defendant's motion in limine on the issue of financial data.

Further, the Court finds that any issues regarding the prejudicial nature of the data is resolved by the parties' agreement to a bench trial. "Excluding relevant evidence in a bench trial because it is cumulative or a waste of time is clearly a proper exercise of the judge's power, but excluding relevant evidence on the basis of unfair prejudice is a useless procedure." *United States v.* Hall, 2000 U.S. App. LEXIS 170 (6th Cir. 2000) (citing *Gulf States Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)). Therefore, the Court is allowing Plaintiff to present the financial records of the stores.

In the alternative, Defendant requests that the Court seal all financial records. (ECF No. 51 at Pg ID 737.) During the Court's pretrial conference, Defendant explained how the public release of the financial records would allow competitors to gain unprecedented insight into the company's financial status. Defendant contends that sealing the financial records is critical to protecting the company's highly proprietary information. Based on the testimony on the record, this Court grants Defendants request to seal the record.

## B. Testimony Regarding Mr. Hepner

Defendant's second argument focuses on Plaintiff's removal from the Assurance Pay Plan in 2010. (ECF No. 51 at Pg ID 738.) Defendant anticipates that Plaintiff will offer testimony that he was harassed by his immediate supervisor, Mr. Hepner, when he took his FMLA leave in 2010. (*Id.*) Defendant

contends that any such testimony is irrelevant because Plaintiff was removed permanently from the Assurance Pay Plan in 2013, when Mr. Hepner was no longer his supervisor.  Defendant argues in the alternative that if the Court does find the testimony relevant, it is more prejudicial than probative to the question of Mr. Gdowski's motive in removing Plaintiff from the plan in 2013.  (*Id.*) Defendant believes any testimony regarding alleged harassment by Mr. Hepner in 2010 should be excluded under Federal Rule of Evidence 403.  In response, Plaintiff argues that excluding this testimony because it is more prejudicial than probative is inappropriate in a case where no jury is involved.

This Court finds the testimony regarding Mr. Hepner relevant.  As Plaintiff notes, Hepner's comments in 2010 were made close in time to the adverse action— Plaintiff's removal from the plan.  Plaintiff was removed from the plan in 2013 close in time to his second FMLA leave.  If true, these facts would make Plaintiff's argument that Defendant retaliated against him for taking FMLA leave more probable.

Defendant next attempts to exclude testimony regarding Hepner because it is more prejudicial than probative. For the reasons stated in Section III.A., this Court will allow the testimony regarding Mr. Hepner and denies Defendant's request to exclude the testimony of Mr. Hepner.

**IV. Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant's motion in limine (ECF No. 51) is

**GRANTED** as to the seal of the financial records and **DENIED** on the remaining

issues.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 4, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of
record and/or pro se parties on this date, May 4, 2017, by electronic and/or U.S.
First Class mail.

s/ Richard Loury
Case Manager
