UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS RUSSELL,

    Plaintiff,

v.

CSK AUTO, INC., n/k/a
O'REILLY AUTO
ENTERPRISES, LLC.,

    Defendant.
_____/

Civil Case No. 14-14230
Honorable Linda V. Parker

## **OPINION AND ORDER DENYING PLAINTIFF'S FIRST MOTION IN LIMINE [ECF NO. 52]**

Plaintiff Thomas Russell ("Plaintiff") filed this lawsuit alleging that Defendant CSK Auto, Inc., n/k/a O'Reilly Auto Enterprises, LLC ("Defendant") retaliated and constructively discharged him in violation of the Federal Medical Leave Act ("FMLA"). (ECF No. 1.) The matter is currently scheduled for trial on June 5, 2017. Both Plaintiff and Defendant have filed motions in limine in anticipation of trial, which presently remain pending before the Court. A pretrial conference was held on April 26, 2017 where the parties briefly argued the merits of this motion. The Court will now resolve Plaintiff's first motion in limine.

**I.**    **Factual Background**

Plaintiff was employed by Defendant from June 14, 1988 to September 9, 2013. (ECF No. 1 at ¶ 3.) Plaintiff injured his ankle in 2010 and subsequently

1

took FMLA leave from September 28, 2010 until December 21, 2010. (*Id.* at ¶ 6.) Plaintiff suffered another injury in December 2012 and again went on FMLA leave, starting December 12, 2012. (ECF No. 1 at ¶¶ 9, 10.)

Plaintiff's compensation while employed with Defendant was based on "assurance pay." Assurance pay "guaranteed a certain level of income by providing a minimum level of income if store-based commissions were not higher than the assured amount." (ECF No. 34 at Pg ID 152.) The goal of assurance pay was for the store manager to increase sales in their particular store so that the profits of the store could pay the store manager's salary. (ECF No. 35 at Pg ID 336.) Store managers were evaluated after the first year the assurance pay structure was introduced to determine whether the managers should remain on the Assurance Pay Plan. (*Id.*)

In 2010, Plaintiff's district manager was Walt Hepner and his regional manager was Dan Gdowski. (Russell Dep., Apr. 23, 2015 at 32:14-23.) Dan Gdowski remained as Plaintiff's regional manager in 2012; however, the new district manager was Jeff Young. (*Id.* at 54:16-22.)

At issue in this motion in limine is a statement by Mr. Young. Mr. Young was asked to email a member of Defendant's human resources team a statement that included "the circumstances that led to [Plaintiff's] reduction of pay" and a "reply to his allegations that it was because he was on FMLA." (ECF No. 53-1 at

2

Pg ID 965.) The statement by Mr. Young was not provided to Plaintiff during discovery because Defendant alleged it was protected under the attorney-client privilege and work product doctrine. (ECF No. 53 at Pg ID 960.)

Plaintiff requests that this Court prohibit any document that was not turned over during discovery due to the attorney-client privilege from being used as impeachment evidence. (ECF No. 52 at Pg ID 873.) Defendant does not intend to introduce the statement as substantive evidence. (ECF No. 53 at Pg ID 960.) However, Defendant intends to question Mr. Young on whether his privileged statement is consistent with his testimony. (*Id.*) If Mr. Young's testimony conflicts with his privileged statement, Defendant contends that counsel is allowed to question him and if necessary, refresh his memory with his written statement. (*Id.*)

## II. Applicable Law & Analysis

The purpose of the attorney-client privilege "is [to encourage] the client to communicate freely with the lawyer." *Taylor v. Temple & Cutler*, 192 F.R.D. 552, 555 (E.D. Mich. 1999) (internal citation omitted). In contrast, the purpose of the work-product doctrine is "[to encourage] careful and thorough preparation by the lawyer." *Id.* Both the attorney-client privilege and work-product doctrine are critical to the successful representation of a client.

However, "the attorney-client privilege cannot at once be used as a shield and a sword." *Henry v. Quicken Loans, Inc.*, No. 04-40346, 2008 WL 2610180, at *4 (E.D. Mich. June 30, 2008), *aff'd*, 263 F.R.D. 458 (E.D. Mich. 2008) (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir.1991)). A party cannot use the privilege "if they are relying upon privileged communications to make their case." *Id.*; *see also In re Lott*, 424 F.3d 446 (6th Cir. 2005).

Here, Defendant does not intend to make their case based on the privilege document. Rather, Defendant contends they will only use the document, if necessary, to impeach the witness. (ECF No. 53 at Pg ID 961.) The substance of the statement will not be introduced at trial.

Plaintiff mistakenly relies on *Varga v. Rockwell Intern. Corp.*, 242 F.3d 693 (6th Cir. 2001). In *Varga*, the Sixth Circuit stated that: "[a] party may not, under any circumstances, hold back materials responsive to a proper discovery request because it prefers to use the evidence as surprise impeachment evidence at trial." *Varga*, 242 F.3d at 697. However, the Sixth Circuit in *Varga* came to that conclusion when discussing the withholding of "all responsive, *non-privileged* documents." *Id.* (emphasis added). Here, Defendant intends to use a privileged document for impeachment purposes.

## III. Conclusion

Accordingly,

4

**IT IS ORDERED** that Plaintiff's First Motion in Limine (ECF No. 52) is **DENIED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 5, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 5, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager